## Case No. 4,187.

### DURAND et al. v. LAWRENCE.

[2 Blatchf. 396.] [1]

Circuit Court, S. D. New York.  July 1, 1852.

Robert J. Dillon, for plaintiffs.

J. Prescott Hall, Dist. Atty., for defendant.

BETTS, District Judge.  The same points discussed in the case of Thomson v. Maxwell [Case No. 13,983], were raised in this case. The counsel on both sides regarded the wines as having been manufactured by the owners and importers, the evidence being that the raw wines were purchased from the producers and then brought to a state for exportation by some process of preparation or manufacture on the part of the owners.

But, whether the wines were procured by the plaintiffs as purchasers or as manufacturers, the court is not informed by the case, nor whether the invoice or the appraisement represents their true value in the foreign market.  This question should have been submitted to the jury, and although, in reviewing the testimony on that point, we may have no doubt as to what the finding of the jury ought to have been, we are not authorized to decide the fact ourselves.  If the object of the plaintiffs was to try the question of fact as to the market value of the wines in the foreign market, they could have proposed giving evidence in regard to it, and, if the defendant objected to the proof on the ground of the insufficiency of the protests to that end, the court could have been properly applied to, to determine the scope and effect of the protests in that respect.

The cause was tried, on both sides, obviously with the intent to ascertain the validity of the appraisement and proceedings under the revenue laws, and not to settle, as between the report of the appraisers and the judgment and knowledge of witnesses, the true value of the wines in France.  If such an inquiry be an open one (Rankin v. Hoyt, 4 How. [45 U. S.] 327), it is one exclusively for the jury to determine.

But, if it were competent for the court to pass upon that point, the plaintiffs have not stated, in any of their protests, specifically or distinctly, the ground of objection now urged.  Whether the payment of the addi-

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

tional duty is objected to for this cause, or for other causes of a different character, is not specified in the protests. If the protests authorize this inquiry, they would clearly also permit the regularity of the proceedings of the appraisers and the collector, both in the steps preliminary to an appraisement and in the conduct of the appraisement, to be examined and determined. We considered this latter question in the case of Thomson v. Maxwell, before cited, and decided that the protest must point out specifically the particulars constituting the invalidity of the appraisement, and that the importer will not be permitted to raise that question under a general protest.

Both parties submit this case to the court as one coming within the facts and principles involved in that of Thomson v. Maxwell, except only as to the tenor of the protests. Assuming, therefore, that the importation was made by the manufacturer of the wines, we decide in this case, as we did in the one referred to, that the plaintiffs are not entitled, under their protests, to contest the validity or accuracy of the appraisement, and also that the collector had no authority to impose a penalty, because of undervaluation in the invoices, on goods imported by the manufacturer and not by a purchaser.

It is important to merchants and to the government that it be understood that this court will hold the merchant, in his objections to the payment of duties, to strict proof that his protest apprised the collector of the exact nature of his objections.

Judgment must be entered for the plaintiffs for the amount of the penalty exacted from them, with interest from the time of its payment, and for the defendant on the claim for the repayment of additional duties imposed.